Price, J.
The original action in the court of common pleas was brought under favor of Sections 6134 and 6135, Revised Statutes. The ^ former section gives a right of action to the personal representative of a person whose death has been caused by the wrongful act, neglect or default of another, and the latter section prescribes for whose benefit the action may be brought and maintained, in the following terms: “Every such action shall be for the exclusive benefit of the wife, or husband and children, and if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every action the jury'may give such damages, not exceeding in any' case, ten thousand dollars, as they may think proportioned to the pecuniary injury resulting from such death, to the persons respectively for whose benefit such action shall be brought.”
Doyle, whose death was caused, left as his widow Mary Doyle, who became administratrix of his *189 estate and as such brought the suit, but he left no children, and the action was for the sole and exclusive benefit of the widow, and there was a recovery in the court of common pleas. The circuit court reversed the judgment of the court of common pleas. The plaintiff brought error in this court and prayed for a reversal of the judgment of the circuit court and an affirmance of that of the court of common pleas. While the case was pending in this court, the plaintiff in error, Mary Doyle, the widow and administratrix, died, and the action was revived in the name of James M. Ottinger as the administrator de bonis non of estate of John H. Doyle, deceased, and on hearing in this court the judgment of the circuit court was affirmed, and the cause remanded to the court of common pleas for further proceedings. When the- case again reached that court, the railroad company, on leave given for that purpose, filed a supplemental answer, which appears in the statement preceding this opinion, to which a reply was filed, which also appears in said statement.
By these two pleadings, a new and important issue is made, not. so much an issue of facts as of law, for the demurrer to the reply challenges the right to further maintain the original action. The supplemental answer discloses the fact occurring in the history of the litigation, that after the judgment in the court of common pleas had been reversed and while there was no judgment in her favor, Mary Doyle, the widow, for whose exclusive benefit the suit was brought, died. In the absence of children, she, at the death of her husband, became his sole next of kin. This supple *190 mental answer proceeds to say that aside from said widow, the husband left “no heirs or next of kin entitled to any of the benefits of the action, and that there is now no statutory beneficiary entitled to receive any of the proceeds of this action.” On this ground the railroad company asks that the action be dismissed and that it be allowed to go hence.
The reply admits the death of the widow while there was no judgment in her favor, but denies all the other allegations of the new answer. But the reply says, "The predicate of this denial is the fact that there was left surviving the said Mary Doyle, her mother, her sole heir and next of kin, who is still living, and several collateral heirs and next of kin of said John H. Doyle, who are still living. Wherefore plaintiff asks judgment as in the petition.” It is not alleged that John H. Doyle left either parents or their next of kin.
The lower courts held this reply bad on demurrer and we concur in the holding. We must not lose sight of the status of the case made in the original petition — that the action was for .the exclusive benefit of Mary Doyle, the widow. There were no children. If she had maintained the judgment she once recovered, and afterwards died before its collection, a very different question might appear. It might then be, as it is now claimed by plaintiff in error, on the present issue, that such judgment being valid in all respects, “is property,” and might for that reason pass to the mother or next of kin of the widow. But there was no judgment in her favor when she died, for the reversal of her judgment by the circuit court left her a mere right of *191 action to be again prosecuted, and that is all she possessed respecting the action at the time of her decease. It is not such species of property as will, J under the provisions of the statute above quoted, ; pass to her heirs or next of kin — in this case to ) her mother. The mother of Mrs. Doyle, at one time was the mother-in-law of John H. Doyle, between whom there was no tie of consanguinity. It was a relationship by marriage with the daughter, and that only, and we cannot think that she has any legal connection with the cause of action created by the statute, or the right of action to enforce it. Until she realized on a judgment against the railroad company, Mrs. Doyle had nothing in the case -she could confer upon her mother or anyone else. The right of action in her favor must follow the statute, and we do not find her mother, or the collateral heirs of the deceased husband, mentioned in the statute as even possible J beneficiaries, on the facts conceded in the pleadings. Section 6135, supra, provides that where there is no wife or husband, and no children, the action shall be for the benefit (exclusive) of “the parents and next of kin of the person whose death shall he so caused.In this case, there was a widow but no children, so that the clause relating to the jight of “parents and next of kin” of the deceased husband has had no field for operation. The case was not brought for their benefit, and it cannot now be ^distorted into one in their favor. The “parents” spoken of are the “parents” of the person whose death shall be so caused, and not the “parents” of the widow of the one whose death is caused. This view of the case is advanced by a. *192 later clause of the section as to the rule of damages, to-wit: “and in every action the jury may give such damages, not exceeding in any case ten thousand dollars, as they may think proportionéd to the pecuniary injury resulting from such death, to ‘the persons respectively for whose benefit such action shall be brought.”
We see in this that the legislature has circumscribed the right of action and fixed the bene•ficiaries as those who suffer pecuniary injury resulting from such death. The cause of action for the wrongful death of John IT. Doyle commenced to run at the time of his death, and the liability of the railroad company was to respond in damages for the exclusive benefit of Mary Doyle, widow, and the jury would be governed by the rule of the statute, and give her such • damages, not exceeding ten thousand dollars, as they should think proportioned to the pecuniary injury resulting from the death. There was but one cause of action in this case, and that is contained in the petition. The plaintiff has set up no new cause of action, and perhaps could not and be within the facts. So the plaintiff’s case is still one for the exclusive benefit of Mary Doyle, and she is now deceased. There is no surviving statutory beneficiary, and that is the meat of the proposition made by the supplemental answer. The reply to that proposition lifts the case above the level of doubt by pointing out the persons who, after the death of the widow and before judgment, would receive her mantle and claim to be afflicted with.some injury resulting from the wrongful death. Unfortunately there is no provision of the statute, that upon the death of Mary Doyle, the exclusive bene *193 ficiary in the suit, the right of action shall vest in some other next of kin of John 'Doyle, who at the time the cause of action herein accrued, had no interest in it.
Counsel for plaintiff in error would use the latter part of Section 6135, supra, as an argument supporting their contention. It authorizes the administrator appointed in this state to obtain the approval of the appointing court and settle with defendant before or after commencement of suit, as to the amount to be paid, and that the amount received by such personal representative, whether by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment in such manner.as shall be fair and equitable having reference to the age and condition of such beneficiaries, and the laws of descent and distribution of personal estates left by persons dying intestate.
Here the legislature is dealing with a bird in the hand and not one in the bush — in the hand, because what comes into the hands of the administrator is, by settlement or otherwise, the fruits of a final disposition of the cause of action, and in disposing of what has been received on settlement or recovery, the legislature. has vested large discretion in the court that made the appointment. But this clause of the section giving such discretion does not enlarge on the persons for whose benefit the action for causing death may be brought and maintained.
Another position has been taken and advocated for the plaintiff in error, in which-he claims that *194 the plea made in the supplemental answer should have been made when the motion to revive the action was made and heard; and that inasmuch as no such plea was then made and no contest waged as to the right of revivor, it is now too late to make it. In the words of counsel the question is res judicata. We cannot subscribe to this view of what was involved in and determined by the order of revivor. Mrs. Doyle, administratrix, died after the circuit court reversed the judgment in her favor and while her petition in error was pending in this court. On suggestion of the death of the plaintiff in error, and nothing more, the proceeding here was revived in the name of an administrator de bonis non. That was all that was done or adjudicated. It was proper and necessary to further proceedings that another be made plaintiff in error, or rather that another personal representative of the deceased husband be substituted, in order that a proper disposition could be made of the case in this court. The substituting of this new party determined nothing as to the merits of the case.
Counsel for plaintiff in error seem to construe the supplemental answer as a demand for the abatement of the action because of the death of the original plaintiff in the action, and they cite Section 5144, Revised Statutes, to answer that demand. That section'reads: “Except as otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which *195 shall abate by the death of either party.” It is urged that as this case does not fall in the class of cases “otherwise provided,” there can be no abatement in present action.
On the contrary counsel for defendant in error say: “We are not contending that the death of the plaintiff abated this action. We are not disputing the proposition that the death of a party does not abate a pending suit, except those referred to in Section 5144, and we do not claim this case is one of those special ones.” They rely, and so state, on the ground that there is no living statutory beneficiary since the death of Mary Doyle, widow, and that when there is no longer a statutory beneficiary, the action should not be further maintained and prosecuted. We think this is the correct interpretation of the supplemental answer, for if there is no longer a beneficiary, the suit is aimless and should for that reason abate. The matter pleaded is defensive rather than in abatement of the action or proceeding.
It would seem from the consideration of the entire record, that the statute having given the right of action in this case for the exclusive benefit of the widow, that right in her could neither ascend to her mother, or cross over, to the collateral heirs of her deceased husband, unless the statute so provides; and it does not so provide.
The judgment of the circuit court is

Affirmed.

Crew, C. J., Summers, Spear, Davis and Si-iaucic, JJ., concur.